MATTER OF O——

In DEPORTATION Proceedings

A–1287626

*Decided by Board November 20, 1959*

**Relief under section 5, Act of September 11, 1957, not available to aliens in United States who failed to qualify for preexamination by June 30, 1959.**

Relief under section 5 of Act of September 11, 1957, having been available to aliens in the United States only when eligible for preexamination, an alien who failed to qualify for preexamination by June 30, 1959 (terminal date established by regulation) is precluded from obtaining reconsideration of previously denied section 5 application.

CHARGES:

Warrant: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)—Immigrant, no immigrant visa.

Act of 1952—Section 241(a)(12) [8 U.S.C. 1251(a)(12)]—Manager of house of prostitution after entry.

Act of 1952—Section 241(a)(12) [8 U.S.C. 1251(a)(12)]—Connected with management of house of prostitution after entry.

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Convicted of crime or misdemeanor prior to entry, to wit, operating house of ill fame and prostitution.

**BEFORE THE BOARD**

**Discussion:** Respondent is married, male, a native and national of Russia, who last entered the United States at Miami, Florida, in 1950 following a brief visit to Cuba for pleasure. Respondent first entered the United States on November 20, 1920, at 10 years of age, accompanied by his family, and was admitted for permanent residence. Respondent has admitted that at the time of his last entry he claimed to be a citizen of the United States and was admitted as such by the primary inspector. This case has not previously been before the Board, although the warrant for the arrest of the alien was issued on February 3, 1953.

On February 13, 1953, the special inquiry officer found respondent to be deportable on the first charge set forth in the warrant of arrest, as an alien who entered without presenting a valid visa or other document, and under the lodged charge, in that he is a person who has been convicted of a felony or other crime or mis-

demeanor involving moral turpitude prior to entry, to wit, operating a house of ill fame and prostitution. The special inquiry officer ordered him deported and denied the application for discretionary relief and voluntary departure on the ground that his conviction for the offense of operating a house of ill fame and prostitution, having occurred within the preceding 5 years, precluded the finding of good moral character.

On the basis of respondent's marriage on January 13, 1959, to a native United States citizen, the special inquiry officer ordered that the outstanding warrant of deportation against respondent be withdrawn and granted the motion to reopen the proceedings to permit him to apply for voluntary departure with preexamination. On May 11, 1959, the special inquiry officer found that respondent, married to a native-born United States citizen, is eligible for a non-quota status and issuance of an immigrant visa; that the respondent's wife would file a visa petition in his behalf; that respondent had filed an application for preexamination, and granted respondent voluntary departure with preexamination. The special inquiry officer stated further that the respondent had filed an application for preexamination "so that he may adjust his immigration status under that procedure by obtaining an immigrant visa from a consul in Canada after he receives his nonquota status." There is no mention in that order of section 5 of Public Law 85–316. However, on June 12, 1959, respondent was notified by the special inquiry officer that he could appear before that officer on June 16, 1959, at Jacksonville, Florida, for hearing in connection with his application for a waiver (of certain excluding provisions) under section 5 of the Act of September 11, 1957 (Public Law 85–316). The purpose of this hearing, respondent was informed, was to afford him an opportunity to establish that his exclusion or deportation would result in extreme hardship to his United States citizen spouse, children, *etc.* The special inquiry officer was informed by the alien and by counsel that respondent could not appear in Jacksonville for the hearing on June 16. The special inquiry officer told the alien that if he appeared in Miami on any business day before July 1, 1959, his hearing would be completed, but that the special inquiry officer would not again be in Jacksonville or Pensacola before July 1, 1959. Respondent did appear on June 30, 1959, at 4:10 P.M., which was the last day on which the relief of preexamination was available under the regulations.

The special inquiry officer on June 30, 1959, denied respondent's application for a waiver under section 5 of the Act of September 11, 1957, as a matter of discretion, stating that respondent, while seeking a benefit from the Service, concealed three arrests during the recent past, indicating that he has not rehabilitated himself, or

shown respect for the orderly processes of law, criminal or administrative, and is not yet ready to receive the privilege of residing permanently and legally in this country and petitioning one day for United States citizenship. The special inquiry officer granted respondent voluntary departure in lieu of deportation and certified the case to this Board.

Following the decision of the special inquiry officer on June 30, 1959, respondent retained present counsel who filed a motion with the special inquiry officer for rehearing and reconsideration, and also filed a statement to accompany the record to this Board in the event that rehearing and reconsideration should be denied. He enclosed letters of character reference relating to respondent. In oral argument before this Board the Service Representative argued that the special inquiry officer's denial of preexamination was proper on the merits. He also requested the Board to consider the motion for reopening and rehearing on the ground that preexamination is no longer available.

The Act of September 11, 1957, Public Law 85–316, section 5, was applied to aliens in the United States only where eligible for preexamination. A terminal date was then provided by regulations. 8 CFR 235a.1, issued September 1, 1958, provided that an application for preexamination must be made prior to August 21, 1958. That time was extended by 8 CFR 235a.1, issued November 1, 1958, providing that an application for preexamination must be filed on Form I–63 prior to December 1, 1958. 8 CFR 235a.2 provides that the applicant, if found admissible in preexamination proceedings, shall be given a sealed letter *not later than June 30, 1959*, addressed to the Canadian immigration officer at the port through which he will enter Canada, showing the purpose of his visit to Canada and guaranteeing if admitted to Canada he will be readmitted to the United States or, if found inadmissible when seeking reentry to the United States, he will be paroled into the United States.

During oral argument before the Board the Service Representative was requested to inform the Board as to whether or not the whole preexamination process must have been concluded by June 30 1959, or whether cases in process on that date were continued and concluded after June 30. The Board had been informed by attorneys in other cases that in some districts cases were still being processed if application was made, but it had not been possible to complete them by June 30. The Board felt the procedure should be consistent and uniform in all cases. On September 17, 195 the Immigration and Naturalization Service, through the Service Representative, informed the Board as follows: "All applicants for preexamination who were given appointment dates by American consuls in Canada prior to July 1, 1959, were preexamined by t

480

Service on or before June 30, 1959, and, if found admissible, were issued Forms I-62 for use in departing to Canada. The appointment dates with the consuls in many instances were dates after July 1, 1959, but all Service action was completed prior to that date."

On the basis of the above information, all Service action having been concluded in the instant case on June 30, 1959, and respondent having been notified by the American Consul at Niagara Falls, Ontario, Canada, that he could appear in person at that consulate on July 27, 1959, to apply for a visa, he would have been eligible for the waiver he seeks, if the decision of the special inquiry officer had been favorable. However, the action was unfavorable, and at this time a motion for reopening and rehearing in connection with an application for waiver under section 5 of the Act of September 11, 1957, is too late. The motion, made on July 17, 1959, could not be granted, because the alien's case for preexamination had to be *completed before* July 1, 1959.

Aside from the procedural technicality, it is our opinion that the special inquiry officer's denial of the waiver on the merits was correct. These proceedings have been pending since 1953. In the 5 years prior to 1953, respondent was arrested and convicted for a deportable offense. As the special inquiry officer has pointed out, in the most recent hearings respondent failed to disclose arrests during the years 1955, 1956 and 1958, and only admitted these arrests as the result of the special inquiry officer's questioning based on independent investigation. Respondent pleads that he did not realize he was being arrested, but under the circumstances of this record we are not persuaded that he is so unsophisticated. He has been granted voluntary departure in lieu of deportation, and that is the maximum relief to be granted on this record at this time.

Order: It is ordered that the order of the special inquiry officer be affirmed.

*It is further ordered* that the respondent's motion be and is hereby denied.